UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS P.,[1]<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security,<br><br>        Defendant. | Case No. EDCV 17-1633-JPR<br><br>**MEMORANDUM DECISION AND ORDER AFFIRMING COMMISSIONER** |

## I. PROCEEDINGS

Plaintiff seeks review of the Commissioner's final decision denying his application for Social Security disability insurance benefits ("DIB"). The parties consented to the jurisdiction of the undersigned under 28 U.S.C. § 636(c). The matter is before the Court on the parties' Joint Stipulation, filed April 5, 2018, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

affirmed and this action is dismissed.

**II.  BACKGROUND**

On November 15, 2013, Plaintiff applied for DIB, alleging that he had been unable to work since April 23, 2012, because of disabling back and shoulder pain. (AR 145, 175.) After his application was denied initially (AR 78-81) and on reconsideration (AR 85-89), he requested a hearing before an Administrative Law Judge (AR 91). A hearing was held on February 8, 2016, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. (AR 36-56.) In a written decision issued March 14, 2016, the ALJ found Plaintiff not disabled. (AR 23-31.) Plaintiff sought Appeals Council review (AR 142-44, 221-22), which was denied on June 19, 2017 (AR 1-5). This action followed.

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court

"must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for the Commissioner's. Id. at 720-21.

**IV. THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

A. The Five-Step Evaluation Process

The ALJ follows a five-step evaluation process to assess whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, the claimant is not disabled and his claim must be denied. § 404.1520(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed. § 404.1520(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[2] to perform his past work; if so, he is not disabled and the claim must be denied. § 404.1520(a)(4)(iv). The claimant has the burden of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id. If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. § 404.1520(a)(4)(v); Drouin, 966 F.2d at 1257. That determination comprises the fifth and final step in the sequential analysis. § 404.1520(a)(4)(v); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

---

[2] RFC is what a claimant can do despite existing exertional and nonexertional limitations. § 404.1545; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). The Commissioner assesses the claimant's RFC between steps three and four. Laborin v. Berryhill, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing § 416.920(a)(4)).

4

B.  The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 23, 2012, the alleged onset date. (AR 25.) At step two, he concluded that Plaintiff had the following severe impairments: "lumbar degenerative disc disease and strain/sprain." (Id.) At step three, he determined that Plaintiff's impairments did not meet or equal a listing. (AR 26.) At step four, he found that Plaintiff had the RFC to "occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; and occasionally climb, balance, stoop, kneel, crawl, and crouch."[3] (Id.) Relying on the VE's testimony and Plaintiff's statements in the record and at the hearing, he classified Plaintiff's past relevant work as "general construction worker I (DOT 869.664-014) [1991 WL 687601 (Jan. 1, 2016)], heavy, semiskilled," and "crew boss (DOT 180.167-022) [1991 WL 647466 (Jan. 1, 2016)], light,

---

[3] The ALJ's findings indicate that Plaintiff's RFC was equivalent to "light work," which is defined as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

§ 404.1567(b).

5

heavy as performed, skilled[.]" (AR 30.) In comparing Plaintiff's RFC with the mental and physical demands of this work, the ALJ determined at step four that he could do the crew-boss job as it was "generally performed." (Id.) Accordingly, he found Plaintiff not disabled. (AR 31.)

**V. DISCUSSION**

Plaintiff claims the ALJ misclassified his past relevant work and thus incorrectly determined that he was not disabled. (J. Stip. at 4-8.) For the reasons discussed below, his contentions do not warrant reversal.

<u>The ALJ Correctly Classified Plaintiff's Past Relevant Work</u>

Plaintiff argues that the ALJ improperly classified his past relevant work as a "crew boss" by focusing only on its least demanding function, namely, his supervisory duties. (J. Stip. at 4-7.) Plaintiff contends that he never worked exclusively as a supervisor or a construction worker because he always performed them in combination. (Id. at 5.) His construction-worker duties required heavy work, which he was unable to perform given his light RFC. (Id. at 5-6.)

A. <u>Applicable law</u>

At step four, a claimant has the burden of proving that he cannot return to his past relevant work as actually or generally performed in the national economy. § 404.1520(f); <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002); <u>Pinto v. Massanari</u>, 249 F.3d 840, 844 (9th Cir. 2001). Although the burden of proof lies with the claimant, the ALJ still has a duty to make factual findings to support his conclusion. <u>Pinto</u>, 249 F.3d at 844. In particular, the ALJ must make "specific

6

findings" as to the claimant's RFC, "the physical and mental demands of the past relevant work," and whether the RFC would permit a return to his past work. See id. at 845 (citing SSR 82-62, 1982 WL 31386, at *4 (Jan. 1, 1982)); accord Ocegueda v. Colvin, 630 F. App'x 676, 677 (9th Cir. 2015).

To ascertain the requirements of occupations as generally performed in the national economy, the ALJ may rely on VE testimony or information from the DOT. See SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000) (at steps four and five, SSA relies "primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy" and "may also use VEs . . . at these steps to resolve complex vocational issues"); SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982) ("The [DOT] descriptions can be relied upon — for jobs that are listed in the DOT — to define the job as it is usually performed in the national economy." (emphasis in original)). When a job is a "composite" — that is, it has significant elements of two or more occupations and therefore has no counterpart in the DOT — the ALJ considers only whether the claimant can perform his past relevant work as actually performed. See Soc. Sec. Admin., Program Operations Manual System (POMS) DI 25005.020(B), http://policy.ssa.gov/poms.nsf/lnx/0425005020 (last visited Jan. 7, 2018); Lingenfelter v. Colvin, No. 3:14-cv-00202-MMD-VPC., 2015 WL 2194310, at *7 (D. Nev. May 11, 2015) (given "specialized nature" of composite jobs, ALJs must consider whether claimant can do them as actually performed).

An ALJ may not define past relevant work according to its

"least demanding function." Valencia v. Heckler, 751 F.2d 1082, 1086 (9th Cir. 1985). Valencia and its progeny do not apply, however, when "the least demanding function is a task the claimant actually performed most of the time[.]" Stacy v. Colvin, 825 F.3d 563, 570 (9th Cir. 2016) (finding that ALJ properly categorized plaintiff's past work as "supervisor" when supervisory duties constituted 70 to 75 percent of job); see also Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008) (holding that ALJ improperly categorized past work as supervisory when only 20 percent of plaintiff's duties involved supervision).

B.  Relevant background

In his work-history report, Plaintiff listed four different construction-related jobs he performed in the 15 years before he allegedly became disabled.[4] (AR 184-88); see § 404.1565(a) (defining past relevant work as "work that you have done within the past 15 years"). Of the three most recent, he listed the two earlier ones as some sort of hybrid position: "supervision and construction worker." (AR 184.) But he described the most recent position simply as "construction supervisor." (Id.) At each of those jobs, he apparently performed some combination of construction duties and supervising other employees. (See AR 184-87.) The "construction supervisor" job lasted from April 2007 until the alleged disability-onset date. (AR 184.)

---

[4] Plaintiff claimed a disability-onset date of April 23, 2012 (AR 145), yet indicated in his work-history report that he worked at one of those jobs until that date in 2013 (AR 184). That appears simply to have been a mistake, as he had no earnings in 2013. (AR 162.)

8

At the hearing, Plaintiff clarified that after his first accident, in December 2009, he was "working with restrictions," as a "construction supervisor." (AR 44.) Similarly, he told the consulting doctor that after the 2009 accident he "returned back to light-duty work until April 23, 2012," the alleged disability-onset date. (AR 237.) His particular employer required him to "do some heavy jobs as well," during one of which, in 2012, he reinjured himself.[5] (AR 44-45.) Plaintiff stated that in his last job, the "construction supervisor" position, he frequently — that is, up to two-thirds of the day — lifted up to 20 pounds, but the heaviest he ever lifted was 100 pounds. (AR 185.) He indicated that he was a "lead worker" and supervised people "all day." (Id.)

The VE classified Plaintiff's past work as "two occupations," "general construction worker I, DOT number 869.664-014, heavy exertional level," and "supervisor, that's equivalent to a crew boss, DOT number 180.167-022, light exertional level[.]" (AR 52.) She noted that Plaintiff could not be classified as a "construction superintendent," which has "more responsibilities for hiring and firing." (AR 54.) She clarified that he had been a "working" crew boss and thus could perform that job only as generally performed, at the light level, not as actually performed. (AR 53-54.) The ALJ asked the VE whether a

---

[5] It is not clear that Plaintiff reinjured himself because he was given a "heavy" task to do that he couldn't handle given his limitations. Apparently he and "a team" were moving a 300-pound piece of glass on a furniture dolly when the glass started to fall and plaintiff "instinctively" tried to hold it up. (AR 237.) Nothing indicates that the task as given him required him to lift or hold the glass.

9

hypothetical person of Plaintiff's age, educational background, and RFC could perform his past work. (AR 53.) She testified that such a person would be able to work as a crew boss "[a]s it's normally performed," but not as a construction worker. (Id.)

### C. Analysis

Plaintiff argues that the ALJ erred by classifying his former work according to its least demanding duties, which were supervisory, because he could no longer perform the more strenuous construction-worker aspects of those jobs. (J. Stip. at 4 (citing Valencia).) But Plaintiff's argument misses the point, because the ALJ found only that he could perform the construction-supervisor job as generally, not actually, performed. (See AR 30.) That is a light position with no strenuous demands. (See AR 52 (VE testifying that construction supervisor is equivalent to crew boss, DOT 180.167-022)); DOT 180.167-022, 1991 WL 647466 (Jan. 1, 2016) (crew boss has light exertional level).

In Valencia, the Appeals Council classified the plaintiff's past relevant work as light based on only one nonstrenuous task she performed, tomato sorting. 751 F.2d at 1086. That was error because tomato sorting was only a small part of a composite job. Id. But Plaintiff did not perform a composite job. He spent "all day" supervising people and frequently — that is, up to two-thirds of the day — lifted only 20 pounds. (AR 185.) The composite-job analysis applies only when "the least demanding aspect" of the job "was something the claimant did less than half the time." Stacy, 825 F.3d at 570. Although Plaintiff contends

that "most of his duties involved performance of arduous tasks" (J. Stip. at 11), the evidence in the record concerning the changes in his job requirements after December 2009 belies that contention. He described his earlier two construction-related jobs as being both "supervisor and worker" but the last one as only a supervisor. (AR 184.) He told both the ALJ and the consulting doctor that after his December 2009 accident, he worked "with restrictions" on "light work" for more than two years. (AR 44, 237.) He described his last job as involving supervising people "all day" and stated that most of the time he lifted only up to 20 pounds. (AR 185.)

Moreover, the VE testified that Plaintiff had worked in two separate occupations, construction worker and crew boss. (AR 53.) Plaintiff, who was represented by counsel at the hearing, did not question or otherwise object to that testimony. (AR 53-54.) To the contrary, he confirmed that the last job he held was a "construction supervisor." (Id. at 44; see also AR 184 (listing last construction-related job as "supervisor" and earlier two as "supervisor and worker").) Under these circumstances, the ALJ was entitled to rely on the VE's testimony. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ may take administrative notice of any reliable job information, including information provided by a VE."). That Plaintiff may "occasionally" have been asked to do some "other, non-supervisory tasks does not change the fundamental nature of his work." Stacy, 825 F.3d at 570. Accordingly, Plaintiff — upon whom the burden falls at step four, see Lewis, 281 F.3d at 1083 — has not shown that he worked in a

composite position, at least not after December 2009. See Kawelo v. Berryhill, 732 F. App'x 584, 586-87 (9th Cir. 2018) (rejecting composite-job argument when plaintiff's loan-officer duties were "not merely a component" of her past relevant work as bank customer-service representative but encompassed "separate identifiable occupation" that was captured by DOT classification); Castillo v. Astrue, No. CV 10-2584 JC., 2010 WL 4916608, at *4 n.3 (C.D. Cal. Nov. 30, 2010) (rejecting argument that "ALJ improperly parsed the requirements of a composite job" when VE identified two separate occupations plaintiff had performed).

For all these reasons, the ALJ did not err in concluding that Plaintiff could perform his past relevant work as a crew boss, which was a light-work position consistent with his unchallenged RFC.

**VI. CONCLUSION**

Consistent with the foregoing, and under sentence four of 42 U.S.C. § 405(g),[6] IT IS ORDERED that judgment be entered AFFIRMING the Commissioner's decision and dismissing this action with prejudice.

DATED: January 8, 2019

JEAN ROSENBLUTH
U.S. Magistrate Judge

---

[6] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."